UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company,<br><br>                      Plaintiff,<br>      vs.<br><br>Cold 1, LLC,<br><br>                      Defendant. | Civil Action No.: 4:11-cv-1450-BHH<br><br>**Opinion and Order** |

This matter is before the Court on Defendant's motion in limine (ECF No. 95). For the reasons set forth herein, the Court denies the motion in part.

## BACKGROUND

Plaintiff Hartford Fire Insurance Company ("Hartford") filed a declaratory judgment action on June 14, 2011, seeking a declaration regarding its obligations under a policy of insurance ("the Policy") it issued to Defendant Cold 1 LLC ("Cold 1") covering certain equipment used to manufacture cigarettes ("the Equipment"). Cold 1 had "leased"[1] the equipment to an individual named David Humphries, who was indicted on February 16, 2011, on a wide range of federal charges, including manufacturing tobacco products without a license and money laundering. Several superseding indictments followed, with a final indictment issued on May 11, 2011. On March 9, 2011, Cold 1 informed Hartford that the Equipment had been "stolen" approximately seven months earlier, and, on April 14, 2011, Cold 1 submitted a claim on the Policy for $750,000.

---

[1] The exact nature of the business arrangement between Cold 1 and Humphries is disputed. Hartford maintains that Cold 1 never actually had a legitimate ownership interest in the Equipment, but purchased it in a sham transaction so that Cold 1 could use the equipment as collateral to borrow money, which it subsequently loaned to Humphries.

1

Plaintiff denied the claim and reported it to the National Insurance Crime Bureau (NICB) and/or the New York Insurance Fraud Bureau (IFB). It also then filed this declaratory judgment action seeking to determine its obligations under the Policy. Cold 1 asserted counterclaims, including causes of action for bad faith refusal to pay benefits and defamation. Humphries was convicted on several counts of the final indictment in March of 2014.

Defendant maintains that the indictments and convictions at issue relate to conduct that occurred in 2005 and 2006, a year before Defendant purchased the Equipment. Defendant argues that evidence of the indictments and convictions should be excluded for the following three reasons:

1. the evidence is not admissible under Rule 404(b)(1),[2] which prohibits the introduction of evidence of a crime, wrong, or other act to show action in conformity therewith;
2. the probative value of the evidence is substantially outweighed by the danger of "one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," and thus should be excluded under Rule 403; and
3. because it does not satisfy the weighing analysis under Rule 403, evidence of Humphries' conviction is not admissible to impeach his credibility if he testifies pursuant to Rule 609.

In response, Plaintiff argues, inter alia, that evidence of the indictments and convictions is relevant to Plaintiff's defense of Defendant's counterclaims for bad faith

---

[2] Defendant's motion in limine cites Rule 404(a)(1), but references the language of Rule 404(b)(1).

refusal to pay and defamation. Plaintiff points out that Humphries was originally indicted a month before Cold 1 submitted its claim on the Policy to Hartford, and asserts that Humphries' indictment was part of the suspicious circumstances that led Hartford to deny the claim and to report the claim to the NICB and/or IFB. Plaintiff also alleges that it should be permitted to impeach Humphries with evidence of his convictions if and when he testifies at trial.[3]

## **DISCUSSION**

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b)(2) provides an illustrative, non-exhaustive list of other purposes for which such evidence may be offered including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Moreover, Rule 609(a)(1)(A) allows the admission of evidence that a witness was convicted of a crime punishable by death or imprisonment for more than a year, subject to Rule 403.

Assuming that Hartford can a lay a foundation that it was aware of that Humphries had been indicted at or prior to the time when it denied Defendant's claim or made the allegedly defamatory statements about Defendant, evidence of the indictments is relevant to Plaintiff's defenses on the counterclaims for bad faith refusal

---

[3] Plaintiff also argues that evidence of the indictments is relevant to show the prejudice it suffered as a result of Defendant's delay in reporting the alleged theft of the equipment. Plaintiff claims that Humphries indicated that he would invoke his Fifth Amendment right against self-incrimination if asked about certain activities potentially relevant to this litigation, denying Plaintiff the opportunity to discover facts about the disappearance of the Equipment that may have been available prior to the time Humphries was indicted. The argument, while potentially valid, requires a number of assumptions that the Court need not make to resolve the admissibility of the indictments. Thus, the Court declines to base its ruling on this argument and will address the issue again at trial if necessary.

to pay and defamation, and its probative value is not outweighed by the danger for unfair prejudice, confusing the issues, misleading the jury, etc.  Evidence that Humphries was ultimately convicted of some or all of the offenses with which he was charged is not admissible *for the purposes discussed above*, but may be admissible to impeach Humphries if he testifies pursuant to Rule 609.  The Court will be in a better position to conduct the Rule 403 weighing analysis regarding the admissibility of the convictions at the time of trial, and thus reserves judgment on that issue.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion in limine to the extent that it seeks to suppress the admission of evidence of Humphries' indictments for the purposes discussed herein.  The Court declines to rule on the admissibility of the convictions at this time.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 18, 2014
Greenville, South Carolina

4